UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAMUEL LOPEZ,

     *Plaintiff*,

vs.

921 BROADWAY REALTY LLC, and
LORAIDEN LLC,

     *Defendants*.

## COMPLAINT

Plaintiff, SAMUEL LOPEZ (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby files this Complaint and sues Defendants, 921 BROADWAY REALTY LLC, and LORAIDEN LLC (hereinafter, "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*., (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG").

## JURISDICTION AND VENUE

1.  This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq*., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

2.  The subject property is a bar and restaurant located on or about 921 Broadway, Brooklyn, NY 11206, doing business as SkyTown (hereinafter, the "Subject Premises").

3.  All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the Subject Premises are located in the Southern District.

1

**PARTIES**

4.      Plaintiff, SAMUEL LOPEZ, is over the age of 18, *sui juris*, and a resident of Brooklyn, New York. Plaintiff is a paraplegic and is bound to ambulate in a wheelchair and is a qualified individual under the ADA.

5.      Defendant, 921 BROADWAY REALTY LLC, is a limited liability company which is authorized to and does transact business in the State of New York and within this judicial district. Defendant, 921 BROADWAY REALTY LLC, is the owner of the Subject Premises.

6.      Defendant, LORAIDEN LLC, is a limited liability company which is authorized to and does transact business in the State of New York and within this judicial district and is the owner/operator of the bar known as "SKYTOWN" located at the Subject Premises.

7.      SKYTOWN is a cool, brick-lined neighborhood bar and restaurant serving American comfort food, craft cocktails, and espresso. Plaintiff enjoys dining at SKYTOWN as well as sitting at the bar socializing with its local patrons, friends, and family.  Plaintiff lives less than a mile from the Restaurant and enjoys the proximity to his home. However, despite Plaintiff's appreciation for the restaurant, significant accessibility barriers limit his ability to fully enjoy the dining experience, in violation of the ADA.

**FACTUAL ALLEGATIONS AND CLAIM**

8.      Most recently on July 10, 2026, Plaintiff visited the Subject Premises and personally encountered physical barriers to access, including an inaccessible entrance and other barriers, resulting in legal harm and injury. Plaintiff continues to suffer harm due to the existence of these barriers and the Defendants' failure to comply with ADA regulations.

9. Plaintiff has visited the Subject Premises and intends to return to enjoy the food, bar scene, and camaraderie. However, she is deterred from returning while the discriminatory barriers and non-compliant policies described herein persist.

10. Plaintiff has been denied full and equal access to the Subject Premises, preventing him from enjoying the goods and services offered therein. These denials are caused by the physical barriers, including those outlined in this Complaint, and will continue until the barriers are removed.

11. Pursuant to 42 U.S.C. § 12134(a), the Department of Justice, through the Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register on September 15, 2010. These regulations required public accommodations to comply with the updated standards by March 15, 2012.

12. Under the "Safe Harbor" provision outlined in 28 CFR § 36.304(d)(2)(i), elements in existing facilities that have not been altered on or after March 15, 2012, and that comply with the technical and scoping specifications of the 1991 Standards are not required to be modified to meet the 2010 Standards. However, the violations described in this Complaint fail to comply with both the 1991 Standards and the 2010 Standards.

13. The Subject Premises, as a public accommodation and service establishment, is required by law to comply with the ADA and ADAAG. However, it remains non-compliant with these standards.

14. Plaintiff has suffered harm and injury as a result of personally encountering barriers to access at the Subject Premises, and she will continue to suffer harm due to the Defendants' failure to address the ADA violations described herein.

**15.** Plaintiff has experienced direct and indirect injury as a result of the physical barriers and ADA violations at the Subject Premises and the Defendants' actions or inactions in remedying these violations.

**16.** Most recently on July 11, 2026, Plaintiff attempted to access the Subject Premises but was unable to do so due to his disability and the existence of physical barriers, dangerous conditions, and ADA violations that restricted his access to the property and its accommodations.

**17.** Plaintiff intends to return to the Subject Premises regularly, beginning with this summer and fall, to enjoy the food, drinks and ambience in his neighborhood.. However, his ability to do so is restricted by the ongoing physical barriers and ADA violations that limit access for individuals with disabilities.

**18.** Plaintiff regularly passes the Restaurant and visits this area as it is so close to his home. He also enjoys the atmosphere, bar drinks and food.

**19.** Plaintiff intends to return to dine at the restaurant, specifically within the next few months as it is close to his home and convenient.

<u>**COUNT I**</u>
<u>**VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT**</u>
**(Against All Defendants)**

**20.** Plaintiff restates Paragraphs 1-18 as though fully set forth herein.

**21.** Defendants, 921 BROADWAY REALTY LLC and LORAIDEN LLC, have discriminated against the Plaintiff and others with disabilities by failing to provide full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises, as required by Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36.

**22.** Defendant, 921 BROADWAY REALTY LLC, as the owner of the Subject Premises, is responsible for ensuring that the property complies with the ADA, including removing architectural barriers where readily achievable as required by 42 U.S.C., § 12182(b)(2)(A)(iv).

**23.** Defendant, LORAIDEN LLC, as the operator of the business located at the Subject Premises, is responsible for ensuring that its policies, practices, and any barriers within its leased space comply with the ADA.

**24.** The Plaintiff's ability to access the Subject Premises and fully benefit from its goods, services, facilities, privileges, advantages, and accommodations is hindered by various physical barriers, unsafe conditions, and ADA violations, including but not limited to the following:

1) INACCESSIBLE ENTRANCE.
   ACCESSIBLE ROUTE TO ESTABLISHMENT NOT PROVIDED AS REQUIRED. ACCESSIBLE MEANS OF EGRESS NOT PROVIDED AS REQUIRED. EXISTING STEP AT ENTRANCE ACTS AS A BARRIER TO ACCESSIBILITY. REQUIRED RAMP NOT PROVIDED FOR STEP AT ENTRANCE.
   a. Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.
   b. Accessible routes shall be provided where required by 206.2.
   c. At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve.
   d. Entrances shall be provided in accordance with 206.4. Entrance doors, doorways, and gates shall comply with 404 and shall be on an accessible route complying with 402.
   e. Means of egress shall comply with section 1003.2.13 of the International Building Code (2000 edition and 2001 Supplement) or section 1007 of the International Building Code (2003 edition) (incorporated by reference, "Referenced Standards" in Chapter 1).
   f. Accessible routes shall comply with 402.
   g. Accessible routes shall consist of one or more of the following components: walking surfaces with a running slope not steeper than 1:20, doorways, ramps, curb ramps excluding the flared sides, elevators, and platform lifts. All components of an accessible route shall comply with the applicable requirements of Chapter 4.
   h. Changes in level shall comply with 303
   i. Changes in level greater than ½ inch high shall be ramped and shall comply with

5

405 or 406.

2) REQUIRED MINIMUM MANEUVERING CLEARANCE NOT PROVIDED AT EXTERIOR SIDE OF ENTRANCE DOOR.

NON-COMPLIANT CHANGE IN FLOOR LEVEL WITHIN REQUIRED MANEUVERING CLEARANCE AT EXTERIOR SIDE OF ENTRANCE DOOR.

a. Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.
b. Accessible routes shall be provided where required by 206.2.
c. At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve.
d. Entrances shall be provided in accordance with 206.4. Entrance doors, doorways, and gates shall comply with 404 and shall be on an accessible route complying with 402.
e. In addition to entrances required by 206.4.2 through 206.4.9, at least 60 percent of all public entrances shall comply with 404.
f. Means of egress shall comply with section 1003.2.13 of the International Building Code (2000 edition and 2001 Supplement) or section 1007 of the International Building Code (2003 edition) (incorporated by reference, "Referenced Standards" in Chapter 1)
g. Minimum maneuvering clearances at doors and gates shall comply with 404.2.4. Maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance.
h. Floor or ground surface within required maneuvering clearances shall comply with 302. Changes in level are not permitted.

3) REQUIRED MINIMUM MANEUVERING CLEARANCE NOT PROVIDED AT INTERIOR SIDE OF ENTRANCE DOOR.

a. Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.
b. Accessible routes shall be provided where required by 206.2.
c. At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve.
d. Entrances shall be provided in accordance with 206.4. Entrance doors, doorways, and gates shall comply with 404 and shall be on an accessible route complying with 402.
e. In addition to entrances required by 206.4.2 through 206.4.9, at least 60 percent of all public entrances shall comply with 404.
f. Means of egress shall comply with section 1003.2.13 of the International Building Code (2000 edition and 2001 Supplement) or section 1007 of the International Building Code (2003 edition) (incorporated by reference, "Referenced Standards" in Chapter 1)
g. Minimum maneuvering clearances at doors and gates shall comply with 404.2.4.

Maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance.

h.  Floor or ground surface within required maneuvering clearances shall comply with 302. Changes in level are not permitted.

4)  INACCESSIBLE WINDOW FRONT DINING COUNTER.
NON-COMPLIANT HEIGHT OF WINDOW FRONT DINING COUNTER EXCEEDS MAXIMUM HEIGHT ALLOWANCE.
REQUIRED MINIMUM TOE CLEARANCE NOT PROVIDED AT WINDOW FRONT DINING COUNTER.
PORTION OF WINDOW FRONT DINING COUNTER REQUIRED TO BE ACCESSIBLE NOT PROVIDED.

a.  Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.

b.  Dining surfaces and work surfaces shall comply with 902.2 and 902.3.

c.  Dining surfaces include, but are not limited to, bars, tables, lunch counters, and booths.

d.  A clear floor space complying with 305, positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.

e.  The tops of dining surfaces and work surfaces shall be 28 inches (710 mm) minimum and 34 inches (865 mm) maximum above the finish floor or ground.

f.  Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.

g.  Toe clearance shall be 30 inches (760 mm) wide minimum.

5)  INACCESSIBLE DINING TABLES.
A MINIMUM PERCENTAGE OF EXISTING DINING TABLES REQUIRED TO BE ACCESSIBLE NOT PROVIDED.
REQUIRED MINIMUM KNEE AND TOE CLEARANCE NOT PROVIDED AT DINING TABLES.

a.  Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.

b.  Dining surfaces and work surfaces shall comply with 902.2 and 902.3.

c.  A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.

d.  Where toe clearance is required at an element as part of a clear floor space,  the toe clearance shall extend 17 inches (430 mm) minimum under the element.

e.  Toe clearance shall be 30 inches (760 mm) wide minimum.

f.  Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground.

g.  Knee clearance shall be 30 inches (760 mm) wide minimum.

6)  NON-COMPLIANT HEIGHT OF DINING TABLES EXCEEDS MAXIMUM

7

HEIGHT ALLOWANCE.
a. Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.
b. The tops of dining surfaces and work surfaces shall be 28 inches (710 mm) minimum and 34 inches (865 mm) maximum above the finish floor or ground.

7) INACCESSIBLE BAR.
NON-COMPLIANT HEIGHT OF BAR EXCEEDS MAXIMUM HEIGHT ALLOWANCE. REQUIRED MINIMUM TOE CLEARANCE NOT PROVIDED AT BAR. PORTION OF BAR REQUIRED TO BE ACCESSIBLE NOT PROVIDED.
a. Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.
b. Dining surfaces and work surfaces shall comply with 902.2 and 902.3.
c. Dining surfaces include, but are not limited to, bars, tables, lunch counters, and booths.
d. A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.
e. The tops of dining surfaces and work surfaces shall be 28 inches (710 mm) minimum and 34 inches (865 mm) maximum above the finish floor or ground.
f. Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.
g. Toe clearance shall be 30 inches (760 mm) wide minimum.

8) THE FIRST OF TWO RESTROOMS IS INACCESSIBLE.
REQUIRED MINIMUM CLEAR WIDTH NOT PROVIDED AT DOOR OF THE FIRST OF TWO RESTROOMS.
a. Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.
b. Accessible routes shall comply with 402.
c. Accessible routes shall consist of one or more of the following components: walking surfaces with a running slope not steeper than 1:20, doorways, ramps, curb ramps excluding the flared sides, elevators, and platform lifts. All components of an accessible route shall comply with the applicable requirements of Chapter 4.
d. Door openings shall provide a clear width of 32 inches (815 mm) minimum. Clear openings of doorways with swinging doors shall be measured between the face of the door and the stop, with the door open 90 degrees.

9) REQUIRED MINIMUM MANEUVERING CLEARANCE NOT PROVIDED AT DOOR OF THE FIRST OF TWO RESTROOMS.
a. Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.
b. Accessible routes shall comply with 402.
c. Accessible routes shall consist of one or more of the following components: walking surfaces with a running slope not steeper than 1:20, doorways, ramps, curb

ramps excluding the flared sides, elevators, and platform lifts. All components of an accessible route shall comply with the applicable requirements of Chapter 4.

    d. Minimum maneuvering clearances at doors and gates shall comply with 404.2.4. Maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance.

10) NON-COMPLIANT DOOR SWING OF DOOR OF THE FIRST OF TWO RESTROOMS.
RESTROOM DOOR SWINGS INTO THE FLOOR SPACE OF FIXTURES IN THE FIRST OF TWO RESTROOMS.

    a. Toilet and bathing rooms shall comply with 603.

    b. Doors shall not swing into the clear floor space or clearance required for any fixture.

11) NON-COMPLIANT DOORKNOB AT DOOR OF THE FIRST OF TWO RESTROOMS REQUIRES TWISTING OF THE WRIST.

    a. Doors, doorways, and gates that are part of an accessible route shall comply with 404.

    b. Handles, pulls, latches, locks, and other operable parts on doors and gates shall comply with 309.4

    c. Operable parts shall be operable with one hand and shall not require tight grasping, pinching,
or twisting of the wrist. The force required to activate operable parts shall be 5 pounds maximum.

12) NON-COMPLIANT DOOR LOCK AT DOOR OF THE FIRST OF TWO RESTROOMS REQUIRES PINCHING OF FINGERS.

    a. Doors, doorways, and gates that are part of an accessible route shall comply with 404.

    b. Handles, pulls, latches, locks, and other operable parts on doors and gates shall comply with 309.4

    c. Operable parts shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist. The force required to activate operable parts shall be 5 pounds maximum.

13) REQUIRED MINIMUM TURNING SPACE NOT PROVIDED IN THE FIRST OF TWO RESTROOMS.

    a. Toilet and bathing rooms shall comply with 603.

    b. Clearances shall comply with 603.2.

    c. Turning space complying with 304 shall be provided within the room.

    d. The turning space shall be a space of 60 inches (1525 mm) diameter minimum. The space shall be permitted to include knee and toe clearance complying with 306

13) INACCESSIBLE LAVATORY IN THE FIRST OF TWO RESTROOMS.
REQUIRED MINIMUM CLEAR FLOOR SPACE NOT PROVIDED AT LAVATORY IN THE FIRST OF TWO RESTROOMS.

   a. A clear floor space complying with 305, positioned for a forward approach, and knee and toe clearance complying with 306 shall be provided.

   b. The clear floor or ground space shall be 30 inches (760 mm) minimum by 48 inches (1220 mm) minimum.

14) REQUIRED MINIMUM KNEE AND TOE CLEARANCE NOT PROVIDED AT LAVATORY    IN THE FIRST OF TWO RESTROOMS.

   a. A clear floor space complying with 305, positioned for a forward approach, and knee and toe clearance complying with 306 shall be provided.

   b. Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.

   c. Toe clearance shall be 30 inches (760 mm) wide minimum.

   d. Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground.

   e. Knee clearance shall be 30 inches (760 mm) wide minimum.

15) NON-COMPLIANT FAUCET KNOBS AT LAVATORY IN THE FIRST OF TWO RESTROOMS REQUIRE TWISTING OF THE WRIST.

   a. Controls for faucets shall comply with 309. Hand-operated metering faucets shall remain open for 10 seconds minimum.

   b. Operable parts shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist. The force required to activate operable parts shall be 5 pounds (22.2 N) maximum.

16) INACCESSIBLE HAND SOAP DISPENSER IN THE FIRST OF TWO RESTROOMS.
NON-COMPLIANT MOUNTED HEIGHT OF HAND SOAP DISPENSER IN THE FIRST OF TWO RESTROOMS EXCEEDS MAXIMUM HEIGHT ALLOWANCE.

   a. If soap and towel dispensers are provided, they must be located within the reach ranges specified in 308.

   b. Where a forward reach is unobstructed, the high forward reach shall be 48 inches maximum, and the low forward reach shall be 15 inches minimum above the finish floor or ground.

   c. Where a high forward reach is over an obstruction, the clear floor space shall extend beneath the element for a distance not less than the required reach depth over the obstruction. The high forward reach shall be 48 inches maximum where the reach depth is 20 inches maximum. Where the reach depth exceeds 20 inches, the high forward reach shall be 44 inches maximum, and the reach depth shall be 25 inches maximum.

   d. Where a clear floor or ground space allows a parallel approach to an element and the side reach is unobstructed, the high side reach shall be 48 inches maximum, and the low side reach shall be 15 inches minimum above the finish floor or ground.

e.  Where a clear floor or ground space allows a parallel approach to an element and the high side reach is over an obstruction, the height of the obstruction shall be 34 inches maximum and the depth of the obstruction shall be 24 inches maximum.  The high side reach shall be 48 inches maximum for a reach depth of 10 inches maximum.  Where the reach depth exceeds 10 inches, the high side reach shall be 46 inches maximum for a reach depth of 24 inches maximum.

17)  INACCESSIBLE MIRROR IN THE FIRST OF TWO RESTROOMS. NON-COMPLIANT MOUNTED HEIGHT OF MIRROR IN THE FIRST OF TWO RESTROOMS EXCEEDS MAXIMUM HEIGHT ALLOWANCE.
a.  Mirrors located above lavatories or countertops shall be installed with the bottom edge  of the reflecting surface 40 inches (1015 mm) maximum above the finish floor or ground. Mirrors not located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 35 inches (890 mm) maximum above the finish floor or ground.

18)  INACCESSIBLE WATER CLOSET IN THE FIRST OF TWO RESTROOMS. REQUIRED MINIMUM CLEARANCE NOT PROVIDED AT WATER CLOSET IN THE FIRST OF TWO RESTROOMS.
a.  Clearances around water closets and in toilet compartments shall comply with 604.3.
b.  Clearance around a water closet shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall.

19)  REQUIRED GRAB BAR NOT PROVIDED ON REAR WALL OF WATER CLOSET IN THE FIRST OF TWO RESTROOMS.
a.  Grab bars for water closets shall comply with 609.
Grab bars shall be provided on the side wall closest to the water closet and on the rear wall.

20)  NON-COMPLIANT EXISTING GRAB BAR AT SIDE WALL OF WATER CLOSET IN THE FIRST OF TWO RESTROOMS DOES NOT MEET MINIMUM SIZE REQUIREMENT.
a.  The side wall grab bar shall be 42 inches (1065 mm) long minimum, located 12 inches (305 mm) maximum from the rear wall and extending 54 inches (1370 mm) minimum from the rear wall.

21)  THE SECOND OF TWO RESTROOMS IS INACCESSIBLE. REQUIRED MINIMUM CLEAR WIDTH NOT PROVIDED AT DOOR OF THE SECOND OF TWO RESTROOMS.
a.  Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.
b.  Accessible routes shall comply with 402.
c.  Accessible routes shall consist of one or more of the following components: walking surfaces with a running slope not steeper than 1:20, doorways, ramps,

11

curb ramps excluding the flared sides, elevators, and platform lifts. All components of an accessible route shall comply with the applicable requirements of Chapter 4.
d. Door openings shall provide a clear width of 32 inches (815 mm) minimum. Clear openings of doorways with swinging doors shall be measured between the face of the door and the stop, with the door open 90 degrees.

22) REQUIRED MINIMUM MANEUVERING CLEARANCE NOT PROVIDED AT DOOR OF THE SECOND OF TWO RESTROOMS.
a. Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.
b. Accessible routes shall comply with 402.
c. Accessible routes shall consist of one or more of the following components: walking surfaces with a running slope not steeper than 1:20, doorways, ramps, curb ramps excluding the flared sides, elevators, and platform lifts. All components of an accessible route shall comply with the applicable requirements of Chapter 4.
d. Minimum maneuvering clearances at doors and gates shall comply with 404.2.4. Maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance.

23) NON-COMPLIANT DOOR SWING OF DOOR OF THE SECOND OF TWO RESTROOMS.
RESTROOM DOOR SWINGS INTO THE FLOOR SPACE OF FIXTURES IN THE SECOND OF TWO RESTROOMS.
a. Toilet and bathing rooms shall comply with 603.
b. Doors shall not swing into the clear floor space or clearance required for any fixture.

24) NON-COMPLIANT DOORKNOB AT DOOR OF THE SECOND OF TWO RESTROOMS REQUIRES TWISTING OF THE WRIST.
a. Doors, doorways, and gates that are part of an accessible route shall comply with 404.
b. Handles, pulls, latches, locks, and other operable parts on doors and gates shall comply with 309.4
c. Operable parts shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist. The force required to activate operable parts shall be 5 pounds maximum.

25) NON-COMPLIANT DOOR LOCK AT DOOR OF THE SECOND OF TWO RESTROOMS REQUIRES PINCHING OF FINGERS.
a. Doors, doorways, and gates that are part of an accessible route shall comply with 404.
b. Handles, pulls, latches, locks, and other operable parts on doors and gates shall comply with 309.4
c. Operable parts shall be operable with one hand and shall not require tight

grasping, pinching, or twisting of the wrist. The force required to activate operable parts shall be 5 pounds maximum.

26) REQUIRED MINIMUM TURNING SPACE NOT PROVIDED IN THE SECOND OF TWO RESTROOMS.
   a. Toilet and bathing rooms shall comply with 603.
   b. Clearances shall comply with 603.2.
   c. Turning space complying with 304 shall be provided within the room.
   d. The turning space shall be a space of 60 inches (1525 mm) diameter minimum. The space shall be permitted to include knee and toe clearance complying with 306

27) INACCESSIBLE LAVATORY IN THE SECOND OF TWO RESTROOMS. REQUIRED MINIMUM CLEAR FLOOR SPACE NOT PROVIDED AT LAVATORY IN THE SECOND OF TWO RESTROOMS.
   a. A clear floor space complying with 305, positioned for a forward approach, and knee and toe clearance complying with 306 shall be provided.
   b. The clear floor or ground space shall be 30 inches (760 mm) minimum by 48 inches (1220 mm) minimum.

28) REQUIRED MINIMUM KNEE AND TOE CLEARANCE NOT PROVIDED AT LAVATORY IN THE SECOND OF TWO RESTROOMS.
   a. A clear floor space complying with 305, positioned for a forward approach, and knee and toe clearance complying with 306 shall be provided.
   b. Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.
   c. Toe clearance shall be 30 inches (760 mm) wide minimum.
   d. Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground.
   e. Knee clearance shall be 30 inches (760 mm) wide minimum.

29) INACCESSIBLE HAND SOAP DISPENSER IN THE SECOND OF TWO RESTROOMS.
   NON-COMPLIANT MOUNTED HEIGHT OF HAND SOAP DISPENSER IN THE SECOND OF TWO RESTROOMS EXCEEDS MAXIMUM HEIGHT ALLOWANCE.
   a. If soap and towel dispensers are provided, they must be located within the reach ranges specified in 308.
   b. Where a forward reach is unobstructed, the high forward reach shall be 48 inches maximum, and the low forward reach shall be 15 inches minimum above the finish floor or ground.
   c. Where a high forward reach is over an obstruction, the clear floor space shall extend beneath the element for a distance not less than the required reach depth over the obstruction. The high forward reach shall be 48 inches maximum

13

where the reach depth is 20 inches maximum.  Where the reach depth exceeds 20 inches, the high forward reach shall be 44 inches maximum, and the reach depth shall be 25 inches maximum.

d.  Where a clear floor or ground space allows a parallel approach to an element and the side reach is unobstructed, the high side reach shall be 48 inches maximum, and the low side reach shall be 15 inches minimum above the finish floor or ground.

e.  Where a clear floor or ground space allows a parallel approach to an element and the high side reach is over an obstruction, the height of the obstruction shall be 34 inches maximum and the depth of the obstruction shall be 24 inches maximum.  The high side reach shall be 48 inches maximum for a reach depth of 10 inches maximum.  Where the reach depth exceeds 10 inches, the high side reach shall be 46 inches maximum for a reach depth of 24 inches maximum.

30)  INACCESSIBLE MIRROR IN THE SECOND OF TWO RESTROOMS. NON-COMPLIANT MOUNTED HEIGHT OF MIRROR IN THE SECOND OF TWO RESTROOMS EXCEEDS MAXIMUM HEIGHT ALLOWANCE.

a.  Mirrors located above lavatories or countertops shall be installed with the bottom edge  of the reflecting surface 40 inches (1015 mm) maximum above the finish floor or ground. Mirrors not located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 35 inches (890 mm) maximum above the finish floor or ground.

31)  INACCESSIBLE WATER CLOSET IN THE SECOND OF TWO RESTROOMS. REQUIRED MINIMUM CLEARANCE NOT PROVIDED AT WATER CLOSET IN THE SECOND OF TWO RESTROOMS.

a.  Clearances around water closets and in toilet compartments shall comply with 604.3.

b.  Clearance around a water closet shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall.

32)  REQUIRED GRAB BAR NOT PROVIDED ON REAR WALL OF WATER CLOSET IN THE SECOND OF TWO RESTROOMS.

a.  Grab bars for water closets shall comply with 609. Grab bars shall be provided on the side wall closest to the water closet and on the rear wall.

33)  NON-COMPLIANT EXISTING GRAB BAR AT SIDE WALL OF WATER CLOSET IN THE SECOND OF TWO RESTROOMS DOES NOT MEET MINIMUM SIZE REQUIREMENT.

a.  The side wall grab bar shall be 42 inches (1065 mm) long minimum, located 12 inches (305 mm) maximum from the rear wall and extending 54 inches (1370 mm) minimum from the rear wall.

14

25. Plaintiff has attempted to access the Subject Premises but has been denied full and equal enjoyment of the goods, services, programs, and activities offered due to his disability. The physical barriers, dangerous conditions, and ADA violations described above have caused Plaintiff to suffer harm, and Plaintiff reasonably expects to face continued discrimination unless and until Defendants are compelled to remove these barriers and comply with the ADA.

26. Plaintiff lives approximately 0.7 miles from the Subject Premises and regularly frequents the surrounding area and nearby boroughs, including Bronx, Queens, Brooklyn, and Manhattan, on a weekly basis for dining, shopping, errands, recreation, and visiting businesses open to the public. Plaintiff intends to return to the Subject Premises within the next six (6) months to avail himself of the goods and services offered therein if the Subject Premises are made accessible to individuals with mobility disabilities.

27. The removal of the physical barriers, dangerous conditions, and ADA violations described herein is readily achievable and can be accomplished without significant difficulty or expense, as defined by 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R. § 36.304.

28. Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff reasonably anticipates continued harm unless Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations at the Subject Premises.

### **RELIEF SOUGHT**

29. Plaintiff seeks an injunction requiring Defendants to bring the Subject Premises into full compliance with the ADA and ADAAG by remediating all violations.

30. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Subject Premises to make it readily

accessible to and usable by individuals with disabilities to the extent required by the ADA, and closing the Subject Premises until the requisite modifications are completed.

31.    Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Subject Premises until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs, and litigation expenses incurred in this action.

Date: August 12, 2026                                    Respectfully submitted,

                                                         */s/ Jennifer E. Tucek, Esq.*
                                                         Law Office of Jennifer Tucek, PC
                                                         Bar No. JT2817
                                                         641Lexington Avenue, 15th Floor
                                                         New York, New York 10017
                                                         (917) 669-6991
                                                         TucekLaw@Gmail.com
                                                         *Attorney for Plaintiff*

16